IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUNCEY PARKER,<br><br>          Plaintiffs,<br><br>vs.<br><br>FOSTER FARMS DAIRY, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. CV-F-05-0270 REC DLB<br><br>FINDINGS AND RECOMMENDATION RE DISMISSAL OF ACTION FOR FAILURE TO OBEY COURT'S ORDERS |

      Plaintiffs is proceeding pro se with a civil action concerning employment discrimination in this Court. On February 24, 2005, the Court issued an Order directing plaintiff to file a second amended complaint within 30 days. The Court also ordered plaintiff to file a completed application to proceed in forma pauperis or pay the required filing fee within 30 days. On March 31, 2005, the Court granted Plaintiff's request for an extension of time to file the second amended complaint. On May 11, 2005, the Court granted a second request for a 30 day extension of time to file the second amended complaint. The 30 day period has now expired, and plaintiff has not filed a second amended complaint, a completed application to proceed in forma pauperis or paid the filing fee. Plaintiff has not otherwise responded to the court's order.

      Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

1 sanctions . . . within the inherent power of the Court." District courts have the inherent power to control
2 their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate
3 . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may
4 dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court
5 order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.
6 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.
7 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King,
8 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se
9 plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.
10 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th
11 Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

12 In determining whether to dismiss an action for lack of prosecution, failure to obey a court order,
13 or failure to comply with local rules, the court must consider several factors: (1) the public's interest in
14 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice
15 to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
16 availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24;
17 Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

18 In the instant case, the court finds that the public's interest in expeditiously resolving this
19 litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has
20 been pending since February 2005. The third factor, risk of prejudice to defendants, also weighs in
21 favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in
22 prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --
23 public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor
24 of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's
25 order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v.
26 Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The court's order
27 requiring plaintiff to file an amended complaint, a completed application to proceed in forma pauperis
28 or pay the filing fee expressly stated: "The failure to comply with this order will result in a

1 recommendation that this action be dismissed." Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on plaintiff's failure to obey the court's orders of February 24, 2005, March 31, 2005 and May 11, 2005.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 29, 2005            /s/ Dennis L. Beck
3c0hj8                          UNITED STATES MAGISTRATE JUDGE